UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 16-076-DCR |
| V. | ) | |
| ARVIL LAKE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Arvil Lake has filed a motion for compassionate release under 18 U.S.C. § 3582(c). [Record No. 225] It is unclear whether Lake has exhausted his administrative remedies. But regardless, he has not demonstrated extraordinary or compelling circumstances to justify relief. Accordingly, his motion will be denied.

**I.**

Lake and his co-defendants were involved in a scheme to use personal identifying information of inmates, without their consent, to file fraudulent federal tax refunds. Lake pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341, and aiding and abetting aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). [Record No. 112] He was sentenced to 38 months imprisonment and ordered to pay $60,922.00 in restitution. [Record No. 202] Lake did not file a direct appeal.

Lake now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). [Record No. 225] He claims that he is not doing well in terms of his health and he has asked the warden for compassionate release, but the warden has not responded. Lake explains that he is 70 years

old and suffering from a terminal illness and a serious physical or medical condition that prevents him from caring for himself while in prison. He does not specify the alleged terminal illness.

In its response, the United States has submitted a letter from Francisco Rios, the Clinical Director of FCI Ashland, verifying that a comprehensive medical evaluation of Lake has been performed during Lake's period of incarceration. The evaluation demonstrates that Lake does not meet the criteria under the Bureau of Prisons Program Statement 5050.50 for release prior to service of his sentence. [Record No. 228-1]

Lake suffers from the following chronic, but stable medical conditions: seizure disorder with no seizure activity for more than five years, coronary artery disease, hypertension, hyperlipidemia, hypothyroidism, cerebral vascular accident, post-traumatic stress disorder, chronic low back pain, and restless leg syndrome. In fact, Lake suffered from all of these ailments prior to arriving at FCI Ashland.

Rios further explains that Lake has been evaluated and is receiving treatment for cardiac dysrhythmia. However, Lake remains stable on his current medication, has no problem ambulating with the use of a cane, is able to provide self-care, and his activities of daily living are unaffected by his conditions. Rios states that Lake can independently manage bathing, dressing, eating, toileting, and can stand for counts. Finally, Rios notes that Lake is being monitored routinely and his medical condition is being maintained at the facility.

**II**.

Title 18 of the United States Code, section 3582(c)(1)(A), allows the Court to modify a term of imprisonment for "extraordinary and compelling reasons" or if the defendant is at least 70 years of age and has served at least 30 years in prison. The defendant has served less

than two years in prison, so he cannot seek relief under § 3582(c)(1)(A)(ii) based on his age and length of service of his sentence. Accordingly, Lake is entitled to the relief sought only if he is able to demonstrate extraordinary or compelling reasons to justify a reduction in his term of imprisonment.

Prior to the passage of the First Step Act of 2018, a court could only consider a motion for compassionate release from the Director of the Bureau of Prisons. However, section 603 of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a defendant the opportunity to appeal the denial of a request for compassionate release after exhausting his administrative remedies or if the warden failed to act within 30 days from receiving a request for compassionate release. Pub. L. No. 115-391, § 603(b).

Lake asserted in his present motion that 30 days had elapsed since he requested relief from the warden; however, he has not stated when he requested relief for medical or age-related reasons. The government explains in its response that the Bureau of Prisons compassionate release database and coordinator, along with the defendant's unit manager at FCI Ashland, indicate that Lake never filed a compassionate release request with the warden at FCI Ashland. But even if Lake had exhausted his administrative remedies, or if 30 days had elapsed since he had requested relief, his motion would be denied because he has not offered an extraordinary or compelling circumstance that would justify a modification of the term of imprisonment.

The Court may modify a sentence for extraordinary and compelling reasons, but only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "28 U.S.C. § 994 authorizes the United States

Sentencing Commission to define 'extraordinary and compelling reasons.'" *United States v. Handerhan*, No. 1:10-CR-00298, 2019 U.S. Dist. LEXIS 55367, at *1 (M.D. Pa. Apr. 1, 2019).

The policy statement discussing compassionate release requires: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors. United States Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018).[1] The application notes state:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> > (A) Medical Condition of the Defendant.—
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> > (ii) The defendant is—
> > > (I) suffering from a serious physical or medical condition,
> > > (II) suffering from a serious functional or cognitive impairment, or
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> >
> > (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health

---

[1] United States Sentencing Guidelines § 1B1.13 has not been modified since the passage of the First Step Act. *See United States v. York*, No. 3-11-CR-76, 2019 U.S. Dist. LEXIS 119768 (E.D. Tenn. July 18, 2019) ("While this particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G § 1B1.13 to provide guidance on the "extraordinary and compelling reasons that may justify a sentence reduction.")

> because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, n. 1.

Lake cannot meet any of the circumstances set forth by the United States Sentencing Commission to demonstrate extraordinary or compelling reasons to justify a modification of the term of imprisonment. First, Lake has not shown that he is suffering from a terminal illness. Admittedly, he is suffering from chronic conditions, but as Dr. Rios explained, they do not substantially diminish his ability to provide self-care in the correctional facility. *See United States v. Casey*, No. 1:06CR00071, 2019 U.S. Dist. LEXIS 78041 at *1 (W.D. Va. May 6, 2019) (holding that while the defendant suffered from multiple medical conditions, they were not sufficiently serious to warrant a reduction and her claims of impairments and deterioration were vague). Next, Lake has not demonstrated that he is experiencing serious deterioration in physical or mental health because of the aging process and he has not served 75 percent of the term of imprisonment. Further, Lake has not demonstrated any family circumstances to justify a reduced sentence.

The Bureau of Prisons Policy Statement 5050.50 further defines other compelling reasons to justify a sentence reduction. An elderly inmate with medical conditions may request

compassionate release if he is (1) 65 years or older, (2) suffers from a chronic or serious medical conditions related to the aging process, (3) is experiencing deteriorating mental or physical health that substantially diminishes his ability to function in a correctional facility, (4) conventional treatment does not promise substantial improvement, and (5) he has served at least 50% of his sentence. *See* https://www.bop.gov/policy/progstat/5050_050_EN.pdf (Jan. 17, 2019), at *6. The Bureau of Prisons explains that the following factors should also be considered:

> ■ The age at which the inmate committed the current offense.
> ■ Whether the inmate suffered from these medical conditions at the time the inmate committed the offense.
> ■ Whether the inmate suffered from these medical conditions at the time of sentencing and whether the Presentence Investigation Report (PSR) mentions these conditions.

*Id*. at 6.

Lake is 70 years old and suffering from chronic conditions and conventional treatment does not appear to promise substantial improvement. He has also served more than 50% of his sentence. However, his ability to function in the correctional facility is not substantially diminished. [Record No. 228-1] Rios explained that Lake's conditions are stable with treatment, he has no difficulty ambulating to the chow hall with the assistance of his cane, and he can provide self-care. [*Id*.] Further, his activities of daily living are unaffected by his medical conditions. [*Id*.] Additionally, Lake suffered from the chronic illnesses at the time of sentencing and the PSR included information about these conditions. [Record No. 218]

He committed the offenses in issue when he was in his early sixties and he was sentenced when he was 68 years old. The purpose of compassionate release is to reduce a term of imprisonment for extraordinary or compelling circumstances that could not have reasonably

been foreseen at the time of sentencing. *Id*. at 1*; see also United States v. Gutierrez,* No. CR 05-0217, 2019 U.S. Dist. LEXIS 57328 (D.N.M. Apr. 3, 2019), *reconsideration denied*, 2019 U.S. Dist. LEXIS 96796, (D.N.M. June 10, 2019). Here, the Court was aware of and considered the defendant's age and health in determining his original sentence.

### III.

In summary, Lake has not shown that he has exhausted his administrative remedies with the Bureau of Prisons. But even if he had done so, he has not demonstrated an extraordinary or compelling reason to justify a modification of his original term of imprisonment. Accordingly, it is hereby

**ORDERED** that Defendant Arvil Lake's motion for compassionate release [Record No. 225] is **DENIED**.

Dated: August 30, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky